UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JULIAN DANIEL TARVER,

Plaintiff,

v.

KEITH DEVOS, *et al.*,

Defendants.

Case No. C26-6232-TL-SKV

ORDER DECLINING TO SERVE COMPLAINT AND GRANTING LEAVE TO AMEND

## I. INTRODUCTION

Plaintiff Julian Tarver is confined at the Special Commitment Center ("SCC") on McNeil Island in Pierce County, Washington. He has submitted to the Court for filing a civil rights complaint under 42 U.S.C. § 1983, and an application to proceed with this action *in forma pauperis*.[1] Dkts. 6, 6-3. Plaintiff alleges in this action violations of his constitutional rights arising out of an alleged sexual assault by a nurse at SCC. Dkt. 6-3 at 4-5. The Court, having reviewed the proposed complaint, concludes that Plaintiff has not adequately alleged a claim upon which relief may be granted as to a majority of the named Defendants. The Court therefore

[1] Plaintiff application to proceed *in forma pauperis* was granted in a separate order.

declines to order that Plaintiff's complaint be served, but grants Plaintiff leave to file an amended complaint correcting the deficiencies identified below.

## II. BACKGROUND

Plaintiff's proposed complaint alleges that at times relevant to this action, Plaintiff was detained at SCC, a secure facility which houses sexually violent predators under RCW 71.09, and he was awaiting civil commitment proceedings. Dkt. 6-3 at 4. The complaint further alleges that in October 2023, SCC nurse David Morrison committed a sexual assault on Plaintiff when he touched Plaintiff's "butt area" and inserted a "finger and hand in [Plaintiff's] rectum" without consent or "any legal order allowing such a procedure." *Id.* Plaintiff indicates that he was experiencing a mental health crisis at the time the incident occurred. *Id.* According to the complaint, Plaintiff called 911 several days after the incident to report the alleged assault, and the Investigative Services Bureau of the Washington State Patrol ("WSP") conducted a criminal investigation. *Id.* at 5. Plaintiff attached the WSP investigative report to his complaint, which reveals that the sexual assault occurred while Plaintiff was being searched for a piece of broken glass that he was using to self-harm. *See id.* at 9-18.

Plaintiff identifies twelve Defendants in his complaint, including SCC officials, medical personnel, counselors and security guards, and he alleges that these individuals violated his Eighth and Fourteenth Amendment rights in relation to the alleged illegal body cavity search. Dkt. 6 at 2-3, 5. The proposed complaint seeks declaratory relief and compensatory and punitive damages. *Id.* at 6.

//

//

//

## III. DISCUSSION

### A. Legal Standards

Rule 8(a) of the Federal Rules of Civil Procedure provides that in order for a pleading to state a claim for relief it must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. The statement of the claim must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In addition, a complaint must allege facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In order to sustain a cause of action under § 1983, a plaintiff must show that (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act, or omitted to perform an act which he was legally required to do that caused the deprivation complained of. *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981) (citing *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978)).

"The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). Vicarious liability may not be imposed on a supervisory employee for the acts of their subordinates in an

action brought under § 1983. *Lemire v. California Dep't of Corrs. & Rehab.*, 726 F.3d 1062, 1074 (9th Cir. 2013). A supervisor may, however, be held liable under § 1983 "if he or she was personally involved in the constitutional deprivation or a sufficient causal connection exists between the supervisor's unlawful conduct and the constitutional violation." *Jackson* v. *City of Bremerton*, 268 F.3d 646, 653 (9th Cir. 2001).

**B. Deficiencies**

*1. Personal Participation*

As noted above, Plaintiff identifies twelve defendants in his complaint, but he alleges specific facts pertaining only to Defendant David Morrison. Plaintiff includes in his statement of facts references to Defendants Keith Devos, Chief Executive Officer ("CEO") of SCC at times relevant to the complaint, and Candace Yi, Deputy CEO of SCC at times relevant to the complaint. However, Plaintiff's allegations with respect to Defendants Devos and Yi are vague and conclusory and insufficient to demonstrate that either Defendant was personally involved in the constitutional deprivation alleged, or that a sufficient causal connection exists between the conduct of these individuals and the alleged constitutional violation. Indeed, it appears Plaintiff is seeking to have these two Defendants held liable on a theory of vicarious liability which, as noted above, is not possible in an action brought under § 1983. Plaintiff alleges no facts whatsoever pertaining to the remaining nine defendants.

*2. Eighth Amendment vs. Fourteenth Amendment*

The proposed complaint alleges that Defendants violated Plaintiff's rights under both the Eighth and Fourteenth Amendments when they subjected him to an illegal body cavity search that resulted in harm. Dkt. 6-3 at 5. Plaintiff is advised that the Eighth Amendment is not applicable here. Claims of unsafe conditions of confinement brought by individuals awaiting

civil commitment proceedings arise under the Fourteenth Amendment. *Jones v. Blanas*, 393 F.3d 918, 933-34 (9th Cir. 2004). Such claims are evaluated under the professional judgment standard set forth in *Youngberg v. Romero*, 457 U.S. 307, 321-22 (1982).

Under this standard, a plaintiff must establish that the defendant's "conduct 'diverge[d] from that of a reasonable professional.'" *See Alexander v. Nguyen*, 78 F.4th 1140, 1145 (9th Cir. 2023) (quoting *Ammons v. Washington Dep't of Social & Health Servs.*, 648 F.3d 1020, 1027 (9th Cir. 2011)). "[L]iability may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Youngberg*, 457 U.S. at 323. Mere negligence is not sufficient to demonstrate a constitutional violation. "To impose liability, the professional judgment standard requires a finding of conscious indifference amounting to gross negligence." *Alexander*, 78 F.4th at 1145.

The facts alleged by Plaintiff in relation to Defendant Morrison's conduct are, arguably, sufficient to state a viable claim for relief under the Fourteenth Amendment. The same cannot be said as to the remaining Defendants against whom few, if any, specific facts are alleged. As noted above, the inquiry into causation in an action brought under § 1983 must be individualized and must focus on the duties and responsibilities of each individual defendant. *See Leer*, 844 F.2d at 633. This requires that Plaintiff set forth clear and specific facts demonstrating that each named individual engaged in conduct that violated Plaintiff's federal constitutional rights under the standard set forth above.

## IV. CONCLUSION

Because of the deficiencies identified above, the Court declines to direct that Plaintiff's complaint be served. However, Plaintiff is granted leave to file an amended complaint curing the

noted deficiencies within ***thirty (30) days*** of the date on which this Order is signed. Plaintiff must ensure that any amended complaint carries the same case number as his original complaint. If no amended complaint is timely filed, or if Plaintiff fails to correct the deficiencies identified above, the Court will recommend that this action be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B), as to all Defendants except Defendant Morrison.

Plaintiff is advised that an amended pleading operates as a *complete* substitute for an original pleading. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (citing *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (as amended)). Thus, any amended complaint must clearly identify each intended defendant, the constitutional claim(s) asserted against each defendant, the specific facts which Plaintiff believes support each claim, and the specific relief requested.

The Clerk is directed to send Plaintiff the appropriate forms so that he may file an amended complaint. The Clerk is further directed to send copies of this Order to Plaintiff and to the Honorable Tana Lin.

DATED this 12th day of November, 2026.

S. KATE VAUGHAN
United States Magistrate Judge